**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN D. NEWBERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01295-RWS |
| | ) | |
| GEODIS LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of self-represented plaintiff Steven D. Newbern's employment discrimination complaint and his Motion to Transfer Case to the Southern District of Illinois [4]. For the following reasons, the Court will transfer this case to the United States District Court for the Southern District of Illinois.

Plaintiff states he resides in Belleville, Illinois. (ECF. No. 1 at 2; 1-3). He brings this case against his former employer, Geodis Logistics, LLC ("Geodis"), for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). It appears he also claims employment discrimination based on age under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

In his Complaint, Newbern states that Geodis is located in "Edwardsville, IL 62025." (ECF. No. 1 at 2). He lists the same Edwardsville, Illinois, address in section of the Complaint he was required to complete if he was "claiming that the discriminatory conduct occurred at a different location." (ECF No. 1 at 2-3). On the Civil Cover Sheet, Newbern states that he resides in the county of "St. Clair" and Geodis resides in the county of "Madison." (ECF. No. 1-1). He specified no other location when setting forth the facts in support of his claims. Newbern states he filed a charge of discrimination to assert the same claims. He provided a copy of the "Determination and Notice of Rights" he received from the Equal Employment Opportunity Commission, which does not list an address for Geodis. (ECF No. 1-3).

Title VII claims are governed by the specific venue provisions in 42 U.S.C. § 2000e-5(f)(3). That section provides, in relevant part, that a Title VII action may be brought in any judicial district in the State in which: (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such practice are maintained and administered," or (3) the plaintiff "would have worked but for the alleged unlawful employment practice." 42 U.S.C. 2000e-(f)(3). Venue under the ADEA is governed by the general venue statute, which places venue in the judicial district where the defendant resides or where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391.

The Court has reviewed the record and considered the foregoing requirements, and finds that venue is not proper in this judicial district and is instead proper in the Southern District of Illinois. *See* 28 U.S.C. § 93(c). Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court finds it is in the interest of justice to transfer this case to the United States District Court for the Southern District of Illinois.

The Court will order this case transferred to that judicial district. The Court will not rule Plaintiff's motion to proceed *in forma pauperis* [2] or his motion to appoint counsel [3], as both motions are best addressed by the transferee court. For this Court's record-keeping purposes, the Court will direct the clerk to administratively terminate both motions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Steven D. Newbern's Motion to Transfer Case to the Southern District of Illinois [4] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 1406(a).

**IT IS FURTHER ORDERED** that the Clerk shall administratively terminate Plaintiff's motion for leave to proceed *in forma pauperis*, [ECF No. 2], and his motion to appoint counsel, [ECF No. 3].

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of August, 2026.